[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
{¶ 2} In a single assignment of error, the state of Ohio argues that the trial court erred by granting in part a motion to suppress filed by defendant-appellee, Gary T. Myles. We affirm the judgment.
{¶ 3} On February 28, 2002, Cincinnati police officers saw Myles driving a car while smoking marijuana. The officers also saw Myles place a plastic bag containing several smaller bags of marijuana in the car's center console. Upon stopping the car, the officers discovered a loaded firearm under the driver's seat. Myles was arrested and later indicted for trafficking in marijuana, having a weapon while under disability, and carrying a concealed weapon.
{¶ 4} The same day, one of the police officers presented a municipal court judge with an affidavit in support of his request for a search warrant for an apartment located across the street from the scene of Myles's arrest. In his affidavit, the officer stated his belief that marijuana, drug scales and packaging materials, as well as weapons used to protect contraband, would be found in the apartment. The officer included in his affidavit the facts leading to Myles's arrest, as well as the following facts.
{¶ 5} During the officers' investigation at the scene, Myles had continually lied about his identity and residence. Officers learned from a passenger in the car that Myles lived across the street in the apartment. A fellow tenant from the apartment building confirmed this information. Myles had repeatedly denied any connection to the apartment, but later stated that his mother lived there. Although Myles denied having keys to the apartment, the officers learned that he had keys to both the building's entry door and the apartment's entry door. Also, Myles had a prior felony drug-abuse conviction and several prior convictions for marijuana possession. The officer seeking the warrant concluded, based upon this information, that he believed that additional drugs and proceeds from the sale of drugs were being stored in the apartment.
{¶ 6} The judge issued a search warrant for the apartment. When police officers executed the warrant, they recovered a rifle, a shotgun, a pistol, ammunition, rifle magazines (one of which was of large capacity), scales, marijuana, and some of Myles's photographs and identification. As a result, Myles was indicted for trafficking in marijuana, unlawful possession of a dangerous ordnance, and three counts of having a weapon while under a disability.
{¶ 7} Myles filed a motion to suppress the evidence seized from the car and from the apartment. Following a hearing, the trial court denied the motion as to the evidence taken from the car, but granted the motion as to the evidence taken from the apartment during the execution of the search warrant. The court found that, despite Myles's lying to police about his residence, "law enforcement did not have sufficient basis for searching the residence, which they did, without further direct information or evidence of criminal activity therein." The state now appeals the court's judgment.
{¶ 8} In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, an issuing magistrate must decide, based upon the facts set forth in the affidavit, if "there is a fair probability that contraband or evidence of a crime will be found in a particular place."[1] A reviewing court must "ensure that the magistrate had a substantial basis for concluding that probable cause existed."[2]
{¶ 9} In this case, we cannot say that the affidavit in support of the warrant provided a substantial basis for the issuing judge's conclusion that there was a fair probability that drugs or weapons would be found in the apartment based upon the discovery of marijuana packaged for distribution and a loaded firearm within the car driven by Myles and Myles's lies to police about his identity and his connection to the apartment.
{¶ 10} The state argues that, even if this court determines that the warrant was unsupported by probable cause, the suppression would still be in error based upon the good-faith exception to the Fourth Amendment's exclusionary rule. "[The] exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause."[3] While the trial court did not expressly address the good-faith exception's applicability to this case, "[u]nlike a probable-cause determination, * * * whether the good- faith exception applies is subject to de novo review."[4]
{¶ 11} The good-faith exception may not apply in certain circumstances, such as where the affidavit is so lacking in probable cause as to render official belief in its existence entirely unreasonable.[5] We have previously stated that "we believe that a reasonably well-trained officer should be aware of the requirement that probable cause exist when the warrant is issued."[6] In this case, the purported basis for the warrant to search the apartment was the finding of marijuana packaged as if for distribution and a loaded firearm in a car driven by Myles, as well as Myles's lies about his connection to the apartment. The affidavit lacked any factual basis for the officer's belief that contraband would be found in the apartment. Accordingly, we hold that the affidavit so lacked indicia of probable cause that the officer's belief in the existence of probable cause to search the apartment was unreasonable.
{¶ 12} Therefore, we overrule the assignment of error and affirm the judgment of the trial court.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, citing Illinois v. Gates (1983),462 U.S. 213, 103 S.Ct. 2317. See, also, State v. Condon, 1st Dist. No. C-020262, 2003-Ohio-2335, at ¶ 40.
[2] Id. at paragraph two of the syllabus, citing Illinois v. Gates
(1983), 462 U.S. 213, 103 S.Ct. 2317.
[3] Id. at 330, 544 N.E.2d 640, citing United States v. Leon (1984),468 U.S. 897, 104 S.Ct. 3405; State v. Wilmoth (1986), 22 Ohio St.3d 251,490 N.E.2d 1236.
[4] State v. Lauderdale (Feb. 18, 2000), 1st Dist. Nos. C-990294 and C-990295.
[5] United States v. Leon, supra, at 923, 104 S.Ct. 3405; State v.George, supra, at 331, 544 N.E.2d 640. See, also, State v. Reniff,146 Ohio App.3d 749, 2001-Ohio-4353, 768 N.E.2d 667.
[6] Lauderdale, supra.